**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOBBIE BEAL,<br><br>          Plaintiff,<br><br>    v.<br><br>ERIC ARNOLD, Warden, et al.,<br><br>          Defendants. | Case No. CV 18-0189-JFW (JPR)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |

On November 22, 2017, Plaintiff, a state inmate proceeding pro se, filed an amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in the Northern District of California. He accompanied it with a civil-rights complaint under 42 U.S.C. § 1983, largely arising from the same factual allegations. On January 3, 2018, the Northern District ordered the entire file transferred to this district. On January 9, the Central District clerk caused the Complaint to be filed separately and assigned it a distinct case number. On February 6, the Court dismissed the Complaint with leave to amend under 28 U.S.C. §§ 1915(e)(2) and 1915A. On March 5, Plaintiff requested an extension of time to file a First Amended Complaint, which the Court granted the

1

following day.

On April 4, Plaintiff moved for another extension of time and requested an investigator. On April 17, he filed a "Motion for Review: Respond Brief. Wyatt E. Bloomfield," attaching and discussing portions of Respondent's motion to dismiss his habeas petition in Beal v. Warden: Eircanold, No. 2:18-cv-00075-JFW (JPR) (C.D. Cal. filed Jan. 4, 2018). On April 25, the Court granted him a second 30-day extension of time to file a FAC, denied as premature his request for an investigator, and directed the Clerk to file the "Motion for Review" nunc pro tunc as his opposition to the motion to dismiss in his habeas case. To date, Plaintiff has not filed an amended complaint or requested another extension of time to do so. The Court's review of the California Department of Corrections and Rehabilitation's Inmate Locator website shows that Plaintiff remains incarcerated at his address of record. See Cal. Dep't Corr. & Rehab. Inmate Locator, http://inmatelocator.cdcr.ca.gov/search.aspx (search for "Bobbie Beal") (last visited July 10, 2018).

Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his failure to file an amended complaint. Thus, he has not rebutted the presumption of prejudice to Defendant. No less drastic sanction is available, as the Complaint fails to state a claim and should not be ordered served; as a result, the Court is unable to manage its docket. Although the fourth Carey factor weighs against dismissal, it does so only slightly because virtually the same claims remain pending in Plaintiff's habeas case; in any event, together the other factors outweigh the public's interest in disposing of the case on its merits. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); Baskett v. Quinn, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and for the reasons stated in the Magistrate Judge's

February 6, 2018 order.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 12, 2018

                                  JOHN F. WALTER
                                  U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge

4